972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO,
Hoisting and Portable Local No. 101, Respondent.
 No. 92-1329.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 9, 1992.
Filed: August 4, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The National Labor Relations Board (NLRB) seeks enforcement of its order that the International Union of Operating Engineers, AFL-CIO, Hoisting and Portable Local No. 101 (the union) stop coercing Hunt Midwest Mining, Inc. (Midwest) in the selection of its supervisory representatives and that the union rescind its fine against Anthony McLaughlin.
 
 
 2
 Midwest hired McLaughlin, one of its union member employees, as its production supervisor during a union strike. McLaughlin sought withdrawal from the union and started his new job with Midwest. Two days later, after learning the union would not accept his withdrawal, McLaughlin resigned from the union. McLaughlin performed supervisory duties for Midwest including grievance adjustment. The union charged McLaughlin with performing bargaining unit work behind a picket line and fined him $5000.
 
 
 3
 After Midwest filed a complaint, the NLRB charged the union with violating section 8(b)(1)(B) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(B) (1988), which states: "It shall be an unfair labor practice for a labor organization or its agents-(1) to restrain or coerce ... (B) an employer in the selection of his representatives for ... the adjustment of grievances." The administrative law judge found that the union's actions may affect McLaughlin's ability to represent Midwest in grievance adjustments and that the union did not prove it disciplined McLaughlin for performing bargaining unit work behind the picket line while McLaughlin was a union member. Concluding the union engaged in an unfair labor practice, the administrative law judge entered the order involved in this case. The NLRB adopted and seeks enforcement of the order. International Union of Operating Eng'rs, 304 N.L.R.B. No. 91 (Aug. 27, 1991).
 
 
 4
 "[I]n ruling [on a section] 8(b)(1)(B) charge growing out of union discipline of a supervisory member who elects to work during a strike, [the NLRB must] inquire whether the sanction may adversely affect the supervisor's performance of his ... grievance-adjustment tasks." American Broadcasting Cos. v. Writers Guild of Am., W., Inc., 437 U.S. 411, 430 (1978). Because this inquiry is "necessarily a matter of probabilities[ ] and its resolution depends much on what experience would suggest are the justifiable inferences from the known facts," the NLRB's findings are " 'entitled to the greatest deference.' " Id. at 432-33 (quoting American Shipbuilding Co. v. NLRB, 380 U.S. 300, 316 (1965).
 
 
 5
 After a careful review, we conclude substantial evidence on the record as a whole supports the NLRB's findings that the union did not prove McLaughlin performed even minimal bargaining unit work, see Rasmussen v. NLRB, 875 F.2d 1390, 1393-94 (9th Cir. 1989); Wisconsin River Valley Dist. Council of the United Bhd. of Carpenters v. NLRB, 532 F.2d 47, 53 (7th Cir. 1976), and that the union disciplined McLaughlin for performing his regular supervisory duties. We thus defer to the NLRB's conclusion that the union violated 29 U.S.C. § 158(b)(1)(B). See NLRB v. Cornerstone Builders, Inc., 963 F.2d 1075, 1076-77 (8th Cir. 1992).
 
 
 6
 We enforce the NLRB's order.